**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(Miami Division)**

**CASE NO.: 12-20891-CIV-HUCK/BANDSTRA**

CHICKEN KITCHEN USA, LLC,

       Plaintiff/Counter-Defendant,

v.

THREE CHEFS AND A CHICKEN, INC.;
THE MCDONNOUGH'S INVESTMENT GROUP,
INCORPORATED; RUDYARD A. MCDONNOUGH;
RUDYARD MCDONNOUGH, JR.; and
RICHARD MCDONNOUGH.

       Defendants/Three Chefs and a
Chicken, Inc. Counter-Plaintiff,

v.

CHRISTIAN MAHE DE BERDOUARE,

       Counter-Defendant.

_____/

**JOINT MOTION FOR APPROVAL OF ASSIGNMENT, SETTLEMENT AGREEMENT,**
**AND COVENANT NOT TO EXECUTE OR RECORD**

       COME NOW, the Plaintiff, Chicken Kitchen USA, LLC; Counter-Defendant,

Christian Mahe De Berdouare; and the Defendants Three Chefs and a Chicken, Inc.; The

McDonnough's Investment Group, Incorporated; Rudyard A. McDonnough; Rudyard McDonnough,

Jr.; and Richard McDonnough, by and through their undersigned counsel, who respectfully request

that the court enter an order approving the parties' Assignment, Settlement Agreement, and

Covenant Not to Execute or Record, and enter consent final judgment in accordance with the said

agreement, which final judgment will not be recorded, and state as follows:

1. That the Plaintiff, Chicken Kitchen USA, LLC, has alleged, that Defendant Three Chefs and a Chicken, Inc. copied the trade dress of the plaintiff's restaurant decor and menu.

2. That the Plaintiff subsequently filed this civil action against Defendants, on or about February 9, 2012, alleging, among other counts, Count V for trade dress infringement. The Defendants insured with Maiden Specialty Insurance Company ("Maiden"), and/or its related companies, made a demand that it provide defense of the civil action, and indemnification pursuant to said insurance policy with said company. While Maiden agreed to provide a defense, it did so under a written reservation of rights with respect to coverage and indemnification, which is the equivalent of a coverage denial under Florida law. Thereafter, and in accordance with Florida law, the insured Defendants formally and in writing rejected the defense under a reservation of rights provided by Maiden. Defendants were therefore entitled to control the said defense, including entering into the said Assignment, Settlement Agreement, and Covenant Not to Execute or Record without breaching any duty of cooperation owed to Maiden.

3. That Plaintiff has alleged that as a result of the trade dress infringement claim, Count V, that Plaintiff has suffered damages thereby for past and future losses of no less than $1,200,000.00. The Plaintiff and Defendants are in agreement that if damages were awarded against Three Chefs and a Chicken, Inc. in this action, that it would have coverage with Maiden who would be responsible for payment of the said damages.

4. That thereafter, and based upon Maiden's issuance of its written reservation of rights, and insured Defendants' rejection of the defense under a reservation of rights by Maiden, the Plaintiff and Defendants entered into their Assignment, Settlement Agreement, and Covenant

2

Not to Execute or Record in which the parties agreed to entry of a judgment of $1,200,000.00 for trade dress infringement against Defendant Three Chefs and a Chicken, Inc. which would not be enforced against Defendant Three Chefs and a Chicken, Inc., and agreed to an assignment of Defendant Three Chefs and a Chicken, Inc.'s rights against Maiden and/or its related companies in favor of Plaintiff.

5.     Further, the Plaintiff agrees that, but for Count V of its operative, second amended complaint for trade dress infringement, its other remaining counts shall be dismissed with prejudice. Similarly, Defendant/Counter-Plaintiff, Three Chefs and a Chicken, Inc., agrees that its counterclaim shall be dismissed with prejudice.

6.     The parties respectfully request that this court enter an order approving their Assignment, Settlement Agreement, and Covenant Not to Execute or Record, and issuing a consent final judgment in this action as set out in the attached proposed order for consent final judgment.

7.     This motion is being made in good faith, and not for purposes of delay.

WHEREFORE, the parties, by and through their undersigned counsel, respectfully request that this court enter an order approving their Assignment, Settlement Agreement, and Covenant Not to Execute or Record, and enter consent final judgment, as proposed, in the above referenced action, which will not be recorded.

Respectfully submitted,

s/Richard S. Ross, Esq.
RICHARD S. ROSS, ESQ.
Attorney for Defendants
Fla. Bar No. 436630
Atrium Centre
4801 South University Drive
Suite 237
Ft. Lauderdale, Florida 33328
Tel 954/252-9110
Fax 954/252-9192
E mail: prodp@ix.netcom.com

s/Julie Schwartz-Karron, Esq.
HINSHAW & CULBERTSON LLP
Attorneys for Plaintiff and Counter-Defendant
Fla. Bar No. 014683
One East Broward Blvd., Suite 1010
Ft. Lauderdale, Florida 33301
Tel 954/4677900
Fax 954/467-1024
E mail: jschwartz@hinshawlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 7, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Richard S. Ross
Richard S. Ross, Esq.

4

**SERVICE LIST**
**Chicken Kitchen USA, LLC, Plaintiff, v. Three Chefs and a Chicken, Inc.;**
**The McDonnough's Investment Group, Incorporated; Rudyard A. McDonnough;**
**Rudyard McDonnough, Jr.; and Richard McDonnough, Defendants, v.**
**Christian Mahe de Berdouare, Counter-Defendant.**
**Case No.: 12-20891-CIV-HUCK/BANDSTRA**
**United States District Court, Southern District of Florida**
**(Miami Division)**

Julie Schwartz-Karron, Esq.
Cheryl Wilke, Esq.
HINSHAW & CULBERTSON LLP
One East Broward Boulevard, Suite 1010
Ft. Lauderdale, Florida 33301
Attorney for Chicken Kitchen USA, LLC, and
        Christian Mahe de Berdouare
Method of Service: NEF

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(Miami Division)**

**CASE NO.: 12-20891-CIV-HUCK/BANDSTRA**

CHICKEN KITCHEN USA, LLC,

      Plaintiff/Counter-Defendant,

v.

THREE CHEFS AND A CHICKEN, INC.;
THE MCDONNOUGH'S INVESTMENT GROUP,
INCORPORATED; RUDYARD A. MCDONNOUGH;
RUDYARD MCDONNOUGH, JR.; and
RICHARD MCDONNOUGH.

      Defendants/Three Chefs and a
Chicken, Inc. Counter-Plaintiff,

v.

CHRISTIAN MAHE DE BERDOUARE,

      Counter-Defendant.

_____/

**ORDER APPROVING CONSENT FINAL JUDGMENT ON ASSIGNMENT,**
**SETTLEMENT AGREEMENT, AND COVENANT NOT TO EXECUTE OR RECORD**

Pursuant to the joint motion of Plaintiff, Chicken Kitchen USA, LLC; Counter-Defendant, Christian Mahe De Berdouare; and the Defendants Three Chefs and a Chicken, Inc.; The McDonnough's Investment Group, Incorporated; Rudyard A. McDonnough; Rudyard McDonnough, Jr.; and Richard McDonnough, and upon their Assignment, Settlement Agreement, and Covenant Not to Execute or Record agreement,

**IT IS ADJUDGED** that the court hereby approves the parties' Assignment, Settlement Agreement, and Covenant Not to Execute or Record agreement attached hereto as Exhibit

A, and that consent final judgment is hereby entered in favor of Plaintiff, Chicken Kitchen USA, LLC and against Defendant Three Chefs and a Chicken, Inc. on Count V of the operative complaint, the second amended complaint, for trade dress infringement, for the sum of ONE MILLION TWO HUNDRED THOUSAND DOLLARS ($1,200,000.00), which shall bear interest at the legal rate. This order approving consent final judgment, and the consent final judgment, shall not be executed upon or recorded by Chicken Kitchen USA, LLC against Defendant Three Chefs and a Chicken, Inc. pursuant to the said agreement. Count V is dismissed with prejudice as it pertains to the remaining Defendants with the exception of Defendant Three Chefs and a Chicken, Inc.  Additionally, all remaining counts, Counts I-IV and VI-VIII, filed by Plaintiff as recited in the second amended complaint, and the counterclaim filed by Three Chefs and a Chicken, Inc., are also hereby dismissed with prejudice.

**DONE AND ORDERED** this ___ day of November, 2012, in Chambers, in Miami-Dade County, Florida.

_____
PAUL C. HUCK
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record

2

**EXHIBIT A**

## ASSIGNMENT, SETTLEMENT AGREEMENT,
## AND COVENANT NOT TO EXECUTE OR RECORD

For ten dollars ($10.00) and other good and valuable consideration, the receipt of which is hereby acknowledged by the parties, the undersigned Plaintiff Chicken Kitchen USA, LLC ("CK"), Counter-Defendant Christian Mahe De Berdouare ("De Berdouare"), and Defendants Three Chefs and a Chicken, Inc. d/b/a Three Chefs and a Chicken (also Counter-Plaintiff) ("TCC"); The McDonnough's Investment Group, Incorporated; Rudyard A. McDonnough, Rudyard McDonnough, Jr., and Richard McDonnough (the individual defendants collectively "McDonnoughs"); (all Defendants collectively "Defendants"), do agree as follows:

1.      With respect to the civil action Case No. 12-20891-CIV-HUCK/BANDSTRA, currently pending before the United States District Court for the Southern District of Florida, and styled generally, *Chicken Kitchen USA, LLC v. Three Chefs and a Chicken, Inc., et al.*, CK, De Berdouare and the Defendants, acknowledge, stipulate and agree that CK suffered injuries, damages and losses as a direct result of the matter alleged in CK's operative, second amended complaint as it pertains to Count V, trade dress infringement, relating to TCC's unprivileged imitation of the overall design and appearance, style of operation, websites and menus of CK carried out in the course of TCC's advertising to attract and maintain the general public as customers for its goods and services. In an effort to compensate CK adequately for its losses which include, among other losses, past and future lost sales, and profits of TCC, Defendants hereby agree that final judgment will be entered in favor of CK against TCC in the sum of one million, two hundred thousand dollars ($1,200,000.00). All parties agree that $1,200,000.00 is a fair, reasonable and adequate sum for past and future damages for the trade dress infringement count including all aspects arising out of TCC's

advertising.  The parties agree that all other counts of CK, and the counterclaim brought by TCC are to be dismissed, with prejudice, and that no party shall anything from those counts and the counterclaim.  It is further agreed that CK shall take nothing from the McDonnough's for any of the counts, and that all counts against them individually are to be dismissed with prejudice.  It is also further agreed by CK and De Berdouare, or anyone acting in concert or participation with them, that they will cease and desist from any activity or involvement whatsoever, including the filing or service of any papers, in connection with the pending bankruptcy action, *In re: Rudyard Alfred McDonnough*, Case No. 12-15335-AJC, before the United States Bankruptcy Court for the Southern District of Florida.

2.       It is agreed that TCC will and hereby does give an assignment to CK of the right, title and interest in the commercial general liability insurance policy held with Maiden Specialty Insurance Company ("Maiden"), and/or its related companies held by TCC which existed and was in effect on the date of the matter described in CK's operative complaint and which provided or may have provided coverage for the matter(s) giving rise to this action.  The assignment is given in exchange and in consideration for entry of judgment as set forth in Paragraph 1 above against TCC.  It is further acknowledged by the Defendants that Maiden has issued a reservation of rights letter which empowered insured Defendants to reject the defense and take control of the resolution of the action.  It is still further acknowledged by Defendants that Maiden has brought a complaint for declaratory relief before the United States District Court for the Southern District of Florida, Case No. 12-22724-CIV-LENARD/O'SULLIVAN, generally captioned *Maiden Specialty Insurance Company v. Three Chefs and a Chicken, Inc. et al.*, to adjudicate indemnification under TCC's insurance

policy.  This Assignment, Settlement Agreement, and Covenant Not to Execute or Record does not include Defendants' claim against their insurer Maiden, for payment and/or reimbursement of all of Defendants' costs and attorney fees incurred in this action, or the declaratory relief action.  TCC agrees to cooperate with all reasonable requests by CK or its counsel to assist in the prosecution of the claim against Maiden including providing witnesses to testify by deposition and at trial.

3.     Notwithstanding the above-described entry of final judgment and assignment of rights, it is further agreed that upon the conclusion, resolution, and/or abandonment of all claims by CK against TCC's insurance carrier, Maiden, and/or its related companies, a covenant not to sue for trade dress infringement in favor of all Defendants and their assigns shall be immediately executed by CK and De Berdouare, and delivered to TCC.  If for any reason this agreement is declared void or unenforceable for any reason under Florida law, CK and De Berdouare will nonetheless forthwith issue the covenant not to sue in favor of the Defendants and their assigns.  The parties acknowledge that TCC might, at its sole discretion, open additional restaurants, and that CK and De Berdouare acknowledge that the aforementioned covenant not to sue for trade dress infringement covers said additional restaurants.  It is this acknowledgment and understanding that the parties have taken into consideration, in part, in arriving at the consent final judgment amount of $1,200,00.00.  As further consideration therefore, over and above the judgment amount of $1,200,00.00, the Defendants and/or their assigns agree not to open additional restaurants for one year from the date of this Assignment, Settlement Agreement, and Covenant Not to Execute or Record.

4.     Notwithstanding the above-described entry of final judgment and assignment of rights, it is

3

further agreed that upon the conclusion, resolution, and/or abandonment of all claims by CK against TCC's insurance carrier, Maiden, and/or its related companies, a satisfaction of judgment in favor of TCC shall be immediately executed by CK and delivered to TCC.  If for any reason this agreement is declared void or unenforceable for any reason under Florida law, CK will nonetheless forthwith issue the satisfaction of judgment in favor of TCC.  CK will not at any time record said consent final judgment against TCC, or make any attempt to satisfy the above-described consent final judgment against TCC by execution, attachment, levy, garnishment or otherwise against any real or personal property which TCC now owns or will ever own, and any attempt to recover from TCC will be deemed null and void as a result of the agreement contained herein.  CK will not record or file any judgment lien or uniform commercial code filing whatsoever, but this does not impair CK's right and ability to file this document with the clerk of court for the Southern District of Florida, or any court of competent jurisdiction, in any actual or potential suit against Maiden and/or its related companies.

5.      With respect to the claims of CK against the Defendants, and TCC's counterclaim against CK and De Berdouare, this Assignment, Settlement Agreement, and Covenant Not to Execute or Record is not intended to fully release CK's claim of trade dress infringement against Defendants at this date, but will act as a full satisfaction and release of the Defendants at the conclusion of all litigation and proceedings against Maiden and/or its related companies, for collection of the final judgment amount set forth in Paragraph 1 above.  There currently exists a controversy concerning the applicability of insurance coverage that TCC believes should cover it for this claim of trade dress infringement.  The

4

parties contend that this controversy prevents the full satisfaction and settlement of the claims of CK against the Defendants at this time.  The parties to this Assignment, Settlement Agreement, and Covenant Not to Execute or Record agree there will be no additional recovery or liability for sums due from Defendants.  In the event there is no recovery made by CK against the insurance carrier for TCC, Maiden and/or its related companies, CK agrees that this Assignment, Settlement Agreement, and Covenant Not to Execute or Record shall constitute a full and complete release against all parties by the others, and the parties will execute a general release in favor of the other parties.

6.     It is contemplated by the parties that this agreement is controlled by and in conformance with *Shook v. Allstate Insurance Company*, 498 So. 2d 498 (Fla. 4th DCA 1986)(*reh. & reh. en banc denied*), and *Steil v. Florida Physicians' Insurance Reciprocal*, 448 So. 2d 589 (Fla. 2nd DCA 1984).  It is further agreed that the assignment of any right to CK by this agreement occurred prior to any release granted, or prior to any satisfaction of any consent final judgment, in accordance with the sequence of settlement performance to occur consistent with the holding of *Fidelity and Casualty Company of New York v. Cope*, 462 So. 2d 459 (Fla. 1985); and that a separate general release will be executed by the parties at the conclusion of any litigation between CK and Maiden and/or its related companies to recover the consent judgment amount hereinabove described.

7.     The parties acknowledge that this Assignment, Settlement Agreement, and Covenant Not to Execute or Record supercedes any other prior agreements between them; and any said prior agreements are hereby declared null and void and of no effect whatsoever.  The parties agree that although this agreement was mutually entered into, this document was drafted by CK.

The parties agree that this document shall be construed pursuant to Florida law.

8.  The parties to this Assignment, Settlement Agreement, and Covenant not to Execute or Record stipulate and agree that their intent is to enter into an enforceable Coblentz Agreement under Florida law.

9.  The Defendants have stated to CK and De Berdouare that they have a general comprehensive liability insurance policy with Maiden and/or its related companies which was in effect as of June 28, 2011, and did not carry any other coverage for the claims described in CK's operative complaint.  The Defendants have also stated to CK and De Berdouare that Maiden and/or its related companies have issued a reservation of rights letter in this matter, empowering the insured Defendants to reject defense counsel provided by the carrier which they did, and to have full authority and control over the defense of this action, including its settlement, in accordance with Florida law.  CK and De Berdouare have relied on these statements of Defendants in entering into this agreement.

**IN WITNESS WHEREOF**, the undersigned have hereunto set their hands and/or seals.

_____
Witness

_____
Witness

CHICKEN KITCHEN USA, LLC

By: _____
Christian Mahe De Berdouare, President and CEO

Date: 10 / 17 / 2012

The foregoing instrument was duly sworn to and acknowledged before me this **17** day of **October**, 2012, by Christian Mahe De Berdouare, President and CEO for Chicken Kitchen USA, LLC, who is personally known to me or who produced the following identification: **personally known**, and who did take an oath.

_____
Notary Public, State of Florida

My commission expires: **February 12, 2016**



NADIA DI NESTA
MY COMMISSION # EE167116
EXPIRES February 12, 2016
(407) 398-0153    FloridaNotaryService.com

7

_____      _____
Witness                            CHRISTIAN MAHE DE BERDOUARE

_____      Date: ___10 | 17 | 2012___
Witness

        The foregoing instrument was duly sworn to and acknowledged before me this __17__ day of ___October___, 2012, by Christian Mahe De Berdouare who is personally known to me or who produced the following identification: ___personally known___, and who did take an oath.

_____
Notary Public, State of Florida

My commission expires: __February 12, 2016__



NADIA DI NESTA
MY COMMISSION # EE167116
EXPIRES February 12, 2016
(407) 398-0153    FloridaNotaryService.com

8

_____         _____
Witness                                       RUDYARD A. MCDONNOUGH

_____ Date: 10/22/12 _____
Witness

              : The foregoing instrument was duly sworn to and acknowledged before me this __22__ day of ___October___, 2012, by Rudyard A. McDonnough personally known to me or who produced the following identification: _____, and who did take an oath.

_____

_____
Justice of the Peace
~~Notary Public, State of Florida~~

My commission expires: 09/26/2015

_____         _____
Witness                                       RUDYARD MCDONNOUGH, JR.

_____ Date: 10/24/2012 _____
Witness

               The foregoing instrument was duly sworn to and acknowledged before me this __24__ day of ___October___, 2012, by Rudyard McDonnough, Jr. personally known to me or who produced the following identification: _____, and who did take an oath.

_____

_____
Notary Public, State of Florida



NOTARY PUBLIC
STATE OF FLORIDA

ROXANA GONZALEZ
MY COMMISSION # EE 133514
EXPIRES: September 26, 2015
Bonded Thru Budget Notary Services

_____
Witness

_____
Witness

_____
RICHARD MCDONNOUGH

Date: ___10 · 25 · 12___

     The foregoing instrument was duly sworn to and acknowledged before me this
_25_ day of __October__, 2012, by Richard McDonnough personally known to me
o r   w h o   p r o d u c e d   t h e   f o l l o w i n g   i d e n t i f i c a t i o n :
__Personally Known__, and who did take
an oath.

ROXANA GONZALEZ
MY COMMISSION # EE 133514
EXPIRES: September 26, 2015
Bonded Thru Budget Notary Services

_____
Notary Public, State of Florida

My commission expires: __09/26/2015__

Witness

THE MCDONNOUGH'S INVESTMENT GROUP, INCORPORATED, a dissolved Florida Corporation

By: _____

Richard McDonnough, Last Named Vice President

Witness

Date: __10·25·12__

The foregoing instrument was duly sworn to and acknowledged before me this 25 day of _October_, 2012, by Richard McDonnough, last named Vice President for The McDonnough's Investment Group, Incorporated, who is personally known to me or who produced the following identification: _Personally Known_ _____, and who did take an oath.

ROXANA GONZALEZ
MY COMMISSION # EE 133514
EXPIRES: September 26, 2015
Bonded Thru Budget Notary Services

_____
Notary Public, State of Florida

My commission expires: 09/26/2015

11

_____
Witness

THREE CHEFS AND A CHICKEN, INC.

By: _____
Richard McDonnough, Pres.

_____
Witness

Date: _____10 · 25 - 12_____

The foregoing instrument was duly sworn to and acknowledged before me this _25_ day of _October_, 2012, by Richard McDonnough, President for The Three Chefs and a Chicken, Inc., who is personally known to me or who produced the following identification: _Personally Known_, and who did take an oath.

**ROXANA GONZALEZ**
MY COMMISSION # EE 133514
EXPIRES: September 26, 2015
Bonded Thru Budget Notary Services

_____
Notary Public, State of Florida

My commission expires: 09/26/2015

12

## RATIFICATION OF AGREEMENT UPON CONSENT FINAL JUDGMENT ENTRY

**IN WITNESS WHEREOF**, the undersigned have hereunto set their hands and/or seals.

_____
Witness

_____
Witness

CHICKEN KITCHEN USA, LLC

By: _____
Christian Mahe De Berdouare, President and CEO

Date: 10 | 17 | 2012

    The foregoing instrument was duly sworn to and acknowledged before me this 17 day of October_____, 2012, by Christian Mahe De Berdouare, President and CEO for Chicken Kitchen USA, LLC, who is personally known to me or who produced the following identification: personally known_____, and who did take an oath.

_____
Notary Public, State of Florida

My commission expires: February 12, 2016



NADIA DI NESTA
MY COMMISSION # EE167116
EXPIRES February 12, 2016
(407) 398-0153    FloridaNotaryService.com

13

Witness

Witness

CHRISTIAN MAHÉ DE BERDOUARE

Date: 10 | 17 | 2012

The foregoing instrument was duly sworn to and acknowledged before me this 17 day of OcTober _____, 2012, by Christian Mahe De Berdouare who is personally known to me or who produced the following identification: personally Known _____, and who did take an oath.



Notary Public, State of Florida

My commission expires: February 12, 2016

NADIA DI NESTA
MY COMMISSION # EE167116
EXPIRES February 12, 2016
(407) 398-0153    FloridaNotaryService.com

14

_____          _____
Witness                                   RUDYARD A. MCDONNOUGH

Date: 10/25/2012
_____
Witness

The foregoing instrument was duly sworn to and acknowledged before me this
25 day of October , 2012, by Rudyard A. McDonnough personally known
to    me    or    who    produced    the    following    identification:
_____ , and who did
take an oath.

_____
Justice of the Peace
Notary Public, State of Florida

My commission expires 09/26/2015

_____          _____
Witness                                   RUDYARD MCDONNOUGH, JR.

ROXANA GONZALEZ
MY COMMISSION # EE 133514
EXPIRES: September 26, 2015
Bonded Thru Budget Notary Services

Date: 10/24/2015
_____
Witness

The foregoing instrument was duly sworn to and acknowledged before me this
24 day of October , 2012, by Rudyard McDonnough, Jr. personally known
to    me    or    who    produced    the    following    identification:
Personally known _____ , and who did
take an oath.

ROXANA GONZALEZ
MY COMMISSION # EE 133514
EXPIRES: September 26, 2015
Bonded Thru Budget Notary Services

_____
Notary Public, State of Florida

_____
Witness

_____
Witness

_____
RICHARD MCDONNOUGH

Date: ___10·25-12_____

The foregoing instrument was duly sworn to and acknowledged before me this 25 day of _____October_____, 2012, by Richard McDonnough personally known to me or who produced the following identification: _____Personally known_____, and who did take an oath.

ROXANA GONZÁLEZ
MY COMMISSION # EE 133514
EXPIRES: September 26, 2015
Bonded Thru Budget Notary Services

_____
Notary Public, State of Florida

My commission expires: 09/26/2015

16

Witness

THE MCDONNOUGH'S INVESTMENT GROUP, INCORPORATED, a dissolved Florida Corporation

By: _____

     Richard McDonnough, Last Named Vice President

Witness

Date: 10·25·12

     The foregoing instrument was duly sworn to and acknowledged before me this _25_ day of _October_, 2012, by Richard McDonnough, last named Vice President for The McDonnough's Investment Group, Incorporated, who is personally known to me or who p r o d u c e d   t h e   f o l l o w i n g   i d e n t i f i c a t i o n : _Personally known_ and who did take an oath.

ROXANA GONZALEZ
MY COMMISSION # EE 133514
EXPIRES: September 26, 2015
Bonded Thru Budget Notary Services

Notary Public, State of Florida

My commission expires: 09/26/2015

17

_____
Witness

_____
Witness

THREE CHEFS AND A CHICKEN, INC.

By: _____
Richard McDonnough, Pres.

Date: 10.25.12

The foregoing instrument was duly sworn to and acknowledged before me this 25 day of October _____, 2012, by Richard McDonnough, President for The Three Chefs and a Chicken, Inc., who is personally known to me or who produced the following identification: Personally Known _____,
and who did take an oath.

ROXANA GONZALEZ
MY COMMISSION # EE 133514
EXPIRES: September 26, 2015
Bonded Thru Budget Notary Services

_____
Notary Public, State of Florida

My commission expires: 09/26/2015

18